Filed 5/13/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DAVID SANDS et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> WALNUT GARDENS CONDOMINIUM ASSOCIATION INC., <br><br> Defendant and Respondent. | B282241 <br><br> Los Angeles County <br> Super. Ct. No. BC538040 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frank J. Johnson, Judge. Affirmed in part, reversed in part, and remanded.

Law Office of Jeff A. Lesser and Jeff A. Lesser, for Plaintiffs and Appellants.

Slaughter, Reagan & Cole, Barry J. Reagan and Gabriele M. Lashly, for Defendant and Respondent.

_____

This case is about whether condominium owners can make their homeowners association pay for a water leak. Monique Sands and her parents sued and went to trial against the Walnut Gardens Condominium Association, Inc. and its property manager for breach of contract and negligence. The trial court granted a nonsuit. The Sandses settled with the property manager but have appealed against the association. The Sandses argue the trial court erred by granting the nonsuit, by excluding certain evidence, and by denying their motion for a new trial. We reverse and remand the contract nonsuit and affirm the tort nonsuit. We do not reach other issues.

I

We summarize the facts. When reviewing a nonsuit, we view facts in the plaintiff's favor and disregard conflicting evidence. (*O'Neil v. Crane Co.* (2012) 53 Cal.4th 335, 347.)

The Sandses owned a unit in the Walnut Gardens development. A pipe on the roof broke and water entered the Sandses' bedroom. The association's agent hired people to repair the pipe and roof. The association had responsibility to maintain its common areas, including this piping and roof. The Sandses sued the association for breach of contract and negligence. The trial court selected a jury, heard the Sandses' two witnesses in their case in chief, and granted a nonsuit.

II

We reverse the nonsuit on the breach of contract claim.

Our review of nonsuit judgments is limited. To allow the opposing party to cure defects in proof, we may affirm only on logic stated in the motion for nonsuit, unless the defect would have been impossible to cure. (*Lawless v. Calaway* (1944) 24 Cal.2d 81, 94 (*Lawless*).)

The Sandses claimed a breach of contract. The contract they say, was the association's covenants, conditions, and restrictions,

2

one part of which required the association to keep the project in "a first class condition." The Sandses' first witness, however, testified the association was performing no preventive maintenance at all, even though preventive maintenance was desirable. The roof and pipes over the Sandses' unit had not been inspected or maintained in years.

The association's oral motion for nonsuit was concise to a fault. It first argued there was "a complete absence of evidence" to show a breach of contract. This first argument was incorrect. Reasonable jurors could have concluded a total failure to maintain common areas breached a promise to keep these areas in first class condition.

The association next argued no evidence showed the association was "on notice that it needed to make repairs or do something to the roof or the pipes." This argument too was incorrect. The property manager testified "[m]aintenance wasn't happening. It was a very sad situation for the homeowners." A jury could find buildings need maintenance to remain in first class condition. The association knew "[m]aintenance wasn't happening." As a prima facie matter, no more was needed.

In the course of granting the motion, the trial court added oral reasoning beyond the contents of the nonsuit motion. The court said the Sandses' lack of expert testimony would force the jury to "speculate" about how a pipe broke and the roof leaked. By suggesting expert testimony was essential, this contract analysis erred. A complete lack of preventive maintenance is evidence the association did not keep the roof or pipes in first class condition. The jury would not need experts to grasp this.

Neither the motion nor the court's rationale challenged the idea that covenants, conditions, and restrictions comprise a contract between the association and individual owners. (See *Pinnacle*

*Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 240.) Nor did the motion or rationale hint at the rule of deference governing owner suits against homeowner associations. (See *Lamden v. La Jolla Shores Clubdominium Homeowners Assn.* (1999) 21 Cal.4th 249, 253.) The nonsuit argument did not consider these points. Therefore neither do we. Defects unspecified in a nonsuit motion will be considered on appeal only if the plaintiff could not have cured the defects at trial. (See *Lawless*, *supra*, 24 Cal.2d at p. 94.)

We reverse and remand the nonsuit judgment about the contract.

### III

We affirm the nonsuit tort judgment.

The association argued there was no evidence "as far as negligence [was] concerned" showing the association "was on notice of any condition that required repair." The trial court rightly decried this effort to "tortify" a creature of private ordering. (See *Erlich v. Menezes* (1999) 21 Cal.4th 543, 554 ["If every negligent breach of a contract gives rise to tort damages the limitation [that 'breach of contract is tortious only when some independent duty arising from tort law is violated'] would be meaningless, as would the statutory distinction between tort and contract remedies."].)

Outside the covenants, conditions, and restrictions, the association had no independent duty as to the pipes and roof arising from tort law. The Sandses' trial counsel conceded the evidence for their negligence claim was "pretty much the same, under the same thing as a contract . . . ." The Sandses give us no authority for a cause of action in tort. They state: "As with the Cause of Action for Contract, the duties and obligations for which the HOA, Walnut Gardens, was responsible, are found in the [covenants, conditions, and restrictions] . . . ."

4

Even had the association omitted this issue in its nonsuit motion, nothing the Sandses could have done at trial would have summoned into existence a tort claim barred by law. (See *Lawless*, *supra*, 24 Cal.2d at p. 94.)

## DISPOSITION

We affirm the nonsuit of the tort claim and reverse and remand the nonsuit on the contract claim. The parties will bear their own costs.

WILEY, J.

WE CONCUR:

BIGELOW, P.J.

STRATTON, J.

5